UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANNY FONSECA,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JOSEPH PERFETTO, Shield No. 3325 (Tax Id. No. 949473), Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff DANNY FONSECA, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

4.      Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff DANNY FONSECA is a Latino male and has been at all relevant times a resident of Richmond County in the State of New York.

7.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.     At all times hereinafter mentioned, the individually named defendants P.O. JOSEPH PERFETTO, Shield No. 3325 (Tax Id. No. 949473) and P.O.s "JOHN DOE" #1-#10 ("NYPD defendants") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York.

11.     Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13.     On or about September 21, 2019, at approximately 9:34 p.m. plaintiff DANNY FONSECA was lawfully in the vicinity of Slaight St. and Nicholas Ave., Staten Island, NY.

14.     At the aforesaid time and place, plaintiff had not committed any traffic infractions and/or any other crimes/offenses. Nonetheless, an NYPD vehicle parked behind his vehicle sounded its sirens and flashed its lights.

15.     Subsequently, several officers – upon information and belief, defendant PERFETTO (and/or a defendant "JOHN DOE" #1-10)[1] approached plaintiff's vehicle and requested that plaintiff provide his license and identification. Plaintiff complied and provided the requested documents.

16.     Thereafter, additional NYPD defendant officers arrived on the scene and which time, plaintiff was directed to exit his vehicle. Plaintiff complied and exited his vehicle.

17.     Upon exiting his vehicle, plaintiff was searched. In addition, plaintiff's vehicle was searched. No contraband was found in the plaintiff's vehicle, nor on his person and/or effects, nor did plaintiff have custody or control over any contraband.

18.     At no time on September 21, 2019, did defendants PERFETTO and/or "JOHN DOE" #1-10, possess reasonable suspicion and/or probable cause to search plaintiff's person and/or vehicle.

---

[1] To the extent these actions were undertaken by another NYPD officer, "a defendant "JOHN DOE" #1-10" should be substituted for defendant PERFETTO, *passim*.

19.     At no time on September 21, 2019, did defendants PERFETTO and/or "JOHN DOE" #1-10 possess information that would lead a reasonable officer to believe reasonable suspicion and/or probable cause existed to search plaintiff's person and/or vehicle.

20.     Subsequently, plaintiff was placed under arrest when an officer – upon information and belief, defendant PERFETTO (and/or a defendant "JOHN DOE" #1-10), handcuffed his arms tightly behind his back.

21.     Thereafter, plaintiff was transported to a nearby police precinct where he was searched, detained in a holding cell for several hours, questioned, and charged with Criminal Possession of a Weapon.

22.     At no time on September 21, 2019, did the plaintiff possess any weapons, nor did he commit any crimes and/or offenses, nor did he behave unlawfully in any way.

23.     At no time on September 21, 2019, did defendants PERFETTO and/or "JOHN DOE" #1-10, possess reasonable suspicion and/or probable cause to arrest plaintiff.

24.     At no time on September 21, 2019, did defendants PERFETTO and/or "JOHN DOE" #1-10 possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

25.     Thereafter, defendants – upon information and belief, PERFETTO and/or "JOHN DOE" #1-10 – confined plaintiff in a holding cell without his consent at a police precinct for several hours before he was transported to a second precinct where he was fingerprinted, photographed, and further detained.

26.     Subsequently, plaintiff was transported to Central Booking where he was searched again, subjected to a retina scan ("eye scan"), and further detained in a holding cell until he was released following criminal court arraignment.

27.    In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Richmond County District Attorney's Office – namely, defendants PERFETTO and/or "JOHN DOE" #1-10 – falsely informed prosecutors that plaintiff was in possession of a dangerous instrument, to wit; a set of brass knuckles in that defendant PERFETTO observed said brass knuckles to be on the front passenger seat of a motor vehicle where plaintiff FONSECA was seated in the driver's seat.

28.    As a result of his unlawful arrest, plaintiff spent approximately twenty-four (24) hours in custody before being released following criminal court arraignment.

29.    Subsequently, plaintiff made approximately four (4) court appearances before all charges against him were dismissed in their entirety on or about February 7, 2020.

30.    In addition, as a result of this unlawful arrest, plaintiff had property confiscated from him that, as of the date of this filing, has not been returned, and was caused to suffer economic damages.

31.    Further, as a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

32.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

33.    All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

38.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

39.     As a result of the aforesaid conduct by defendants PERFETTO and/or "JOHN DOE" #1-10, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege, or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

40.     As a result of the aforesaid conduct by defendants PERFETTO and/or "JOHN DOE" #1-10, plaintiff was subjected to an illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

41.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

42.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

43.     Defendants – PERFETTO and/or "JOHN DOE" #1-10 – created false evidence against the plaintiff.

44.     Defendants – PERFETTO and/or "JOHN DOE" #1-10 –  forwarded false evidence and false information to prosecutors in the Richmond County District Attorney's Office – namely, the defendants PERFETTO and/or "JOHN DOE" #1-10 – falsely informed prosecutors that plaintiff was in possession of a dangerous instrument, to wit; a set of brass knuckles in that defendant PERFETTO observed said brass knuckles to be on the front passenger seat of a motor vehicle where plaintiff FONSECA was seated in the driver's seat.

45.     Defendants – PERFETTO and/or "JOHN DOE" #1-10 – misled the prosecutors by creating false evidence against the plaintiff and thereafter providing the aforementioned false statements throughout the criminal proceedings.

46.     In creating false evidence against the plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants – PERFETTO and/or "JOHN DOE" #1-10 – violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

### FOURTH CLAIM FOR RELIEF ARISING
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

47.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

48.     Defendants PERFETTO and/or "JOHN DOE" #1-10 misrepresented and falsified evidence before the Richmond County District Attorney.

49.     Defendants PERFETTO and/or "JOHN DOE" #1-10 did not make a complete and full statement of facts to the District Attorney.

50.     Defendants PERFETTO and/or "JOHN DOE" #1-10 withheld exculpatory evidence from the District Attorney.

51.     Defendants PERFETTO and/or "JOHN DOE" #1-10 were directly and actively involved in the initiation of criminal proceedings against plaintiff.

52.     Defendants PERFETTO and/or "JOHN DOE" #1-10 lacked probable cause to initiate criminal proceedings against plaintiff.

53.     Defendants PERFETTO and/or "JOHN DOE" #1-10 acted with malice in initiating criminal proceedings against plaintiff.

54.     Defendants PERFETTO and/or "JOHN DOE" #1-10 were directly and actively involved in the continuation of criminal proceedings against plaintiff.

55.    Defendants PERFETTO and/or "JOHN DOE" #1-10 lacked probable cause to continue criminal proceedings against plaintiff.

56.    Defendants PERFETTO and/or "JOHN DOE" #1-10 acted with malice in continuing criminal proceedings against plaintiff.

57.    Defendants PERFETTO and/or "JOHN DOE" #1-10 misrepresented and falsified evidence throughout all phases of the criminal proceedings.

58.    Specifically, defendants PERFETTO and/or "JOHN DOE" #1-10 made the aforementioned false and misleading allegations regarding the circumstances surrounding plaintiff's arrest.

59.    Notwithstanding the perjurious and fraudulent conduct of defendants PERFETTO and/or "JOHN DOE" #1-10, the criminal proceedings were terminated in plaintiff's favor on or about February 7, 2020.

60.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

61.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

62.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63.    The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

a.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and,

b.    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and,

c.    fabricating evidence in connection with their arrest/prosecution in order to cover up police misconduct; and,

d.    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing and regardless of probable cause, for the purpose of obtaining overtime compensation; and,

e.    failing to take reasonable steps to control and/or discipline police officers who lie, fabricate evidence, and/or commit perjury in order to cover up police misconduct and/or inflate arrest statistics.

64.    The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of the plaintiff.

65.    The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

66.    The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

67.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

69. The acts complained of deprived the plaintiff of his right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. Not to have summary punishment imposed upon him; and

    d. To receive equal protection under the law.

## PENDANT STATE CLAIMS

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

71. On or about February 27, 2020, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to, and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e)**.**

72. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

73. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was held on or about July 7, 2020.

74. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

75.     Plaintiff has and/or will comply with all conditions precedent to maintaining the instant action.

76.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST/IMPRISONMENT

77.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

78.     Defendants PERFETTO and/or "JOHN DOE" #1-10 arrested plaintiff in the absence of probable cause and without a warrant.

79.     As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period, he was put in fear for his safety, he suffered economic damages, and was humiliated and subjected to handcuffing and other physical restraints.

80.     Plaintiff was conscious of said confinement and did not consent to the same.

81.     The confinement of plaintiff was without probable cause and was not otherwise privileged.

82.     As a result of the aforesaid conduct by defendants PERFETTO and/or "JOHN DOE" #1-10, plaintiff was subjected to an illegal, improper, and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

83.     As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

84.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

85.     Defendants PERFETTO and/or "JOHN DOE" #1-10 aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

86.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

88.     Defendants PERFETTO and/or "JOHN DOE" #1-10 touched plaintiff in a harmful and offensive manner.

89.     Defendants PERFETTO and/or "JOHN DOE" #1-10 did so without privilege or consent from plaintiff.

90.     Further, as a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

92.     On or about September 21, 2019, defendants PERFETTO and/or "JOHN DOE" #1-10 commenced a criminal proceeding against plaintiff.

93.     Defendants PERFETTO and/or "JOHN DOE" #1-10 lacked probable cause to commence said criminal proceeding against plaintiff.

94.     Defendants PERFETTO and/or "JOHN DOE" #1-10 were motivated by actual malice in commencing said criminal proceeding against plaintiff.

95.     From September 21, 2019, through February 7, 2020, plaintiff was forced to repeatedly make appearances in Criminal Court to defend himself against the unlawful prosecution initiated by defendants PERFETTO and/or "JOHN DOE" #1-10.

96.     As a result of the malicious prosecution against him, plaintiff spent approximately four and a half (4.5) months making approximately (4) court appearances.

97.     On or about February 7, 2020, the criminal prosecution against plaintiff terminated in his favor and all charges against him were dismissed.

98.     As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

100.    The aforementioned conduct of defendants PERFETTO and/or "JOHN DOE" #1-10, was extreme and outrageous and exceeded all reasonable bounds of decency.

101.    The aforementioned conduct was committed by defendants PERFETTO and/or "JOHN DOE" #1-10 while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

102.    The aforementioned conduct was committed by defendants PERFETTO and/or "JOHN DOE" #1-10 while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

103.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

104.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

105.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

106.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned, and supervised all members of its Police Department, including the defendants individually named above.

107.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

108.    Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain, and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

109.    As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

      i.        an order awarding compensatory damages in an amount to be determined at trial;

     ii.        an order awarding punitive damages in an amount to be determined at trial;

    iii.        reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.        directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

Dated: New York, New York
       October 14, 2020

                         BY:        /S           
                               ILYSSA FUCHS
                               JOSHUA FITCH
                               GERALD COHEN
                               COHEN & FITCH LLP
                               *Attorneys for Plaintiff*
                               110 E. 59th St., Suite 3200
                               New York, N.Y. 10022
                               (212) 374-9115
                               ifuchs@cohenfitch.com
                               jfitch@cohenfitch.com
                               gcohen@cohenfitch.com